Charles T. Lester, Jr. 0017601
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ERIC T. ROTH, <br> MARY BETH ROTH, <br> ERIN C. KENNY, <br> Individually and on Behalf of All <br> Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> HENRY GUZMAN <br> Director, Ohio Department of Public Safety, <br><br> MIKE RANKIN, <br> Registrar, Ohio Bureau of Motor Vehicles, <br> and <br><br> JOHN DOES 1-10. <br><br> Defendants. | Case No: **1:09CV253** <br><br> Judge **J. BARRETT** <br><br> CLASS ACTION COMPLAINT WITH JURY TRIAL DEMANDED |

### CLASS ACTION COMPLAINT

Plaintiffs, Eric T. Roth, Mary Beth Roth, and Erin C. Kenny, on behalf of themselves and all others similarly situated, allege and aver as follows:

### INTRODUCTION

1. This class action arises out of improper and unlawful actions by the Defendants who disclosed, sold, and/or otherwise disseminated the Plaintiffs' and the Class members' personal information as prohibited by law.

2. Plaintiffs and the Class members are licensed drivers in the State of Ohio and their personal information is maintained by the Ohio Department of Public Safety and/or the Ohio Bureau of Motor Vehicles.

3. The individual Defendants, while acting as agents or employees of the Ohio Department of Public Safety and/or the Ohio Bureau of Motor Vehicles, unlawfully disclosed, sold, and/or otherwise disseminated the personal information to third party entities The Source for Public Data, LP ("PublicData") and Shadowsoft, Inc ("Shadowsoft"), and/or other persons and entities.

4. Upon unlawfully obtaining the personal information from the individual Defendants, PublicData and Shadowsoft then sold and/or otherwise disseminated said information, which pertained to the Plaintiffs and the individual Class members, over the internet.

5. The acts of the individual Defendants, as described more particularly below, were in violation of the law, specifically the Federal Driver's Privacy Protection Act ("DPPA").

## PARTIES

6. Plaintiffs Eric T. Roth and Mary Beth Roth are individuals who reside at 10429 Londonridge Ct, Cincinnati, OH 45242-5025.

7. Plaintiff Erin C. Kenny is an individual who resides at 3117 Troy Avenue, Cincinnati, OH 45213.

8. Defendant Henry Guzman was at all relevant times, the Director of the Ohio Department of Public Safety ("ODPS") and is being sued in his individual capacity. Defendant Guzman may be served a copy of the summons and petition directed to: Department of Public Safety, 1970 West Broad Street, Columbus, Ohio 43218-2081.

9. Defendant Mike Rankin was at all relevant times, the Registrar of the Ohio

Bureau of Motor Vehicles ("OBMV") and is being sued in his individual capacity. Defendant Rankin may be served a copy of the summons and petition directed to: Bureau of Motor Vehicles, 1970 West Broad Street, Columbus, Ohio 43218-2081.

10. Defendants Does 1 through 10 are directors, employees, agents, and/or contractors of the ODPS or OBMV that are yet to be named and whose identity will become known through discovery and after which such remaining Defendants will be added as individual Defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action and all the Defendants pursuant to 28 U.S.C. § 1331 in that this action arises under statutes of the United States, specifically the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq*. The DPPA specifically authorizes this Court to exercise jurisdiction.

12. This Court has jurisdiction over the individual Defendants, who at all times relevant were acting as employees, contractors and/or agents of ODPS or OBMV, because they are residents of the State of Ohio and the unlawful acts committed by the individual Defendants took place in the State of Ohio.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## GENERAL ALLEGATIONS

14. PublicData operates a website, www.publicdata.com, which aggregates consumer data on individual members of the public and then sells that information over the internet.

3

15. Shadowsoft is a Texas corporation that specializes in "public records database distribution."

16. Shadowsoft unlawfully acquired a large database of information from ODPS and/or OBMV.

17. The information database acquired by Shadowsoft from ODPS and/or OBMV contained "personal information" (as defined by the DPPA, 18 U.S.C. §§ 2721, *et seq.*) belonging to hundreds of thousands of licensed drivers in the State of Ohio.

18. Upon information and belief, co-defendant Shadowsoft transferred the database *in totum* to PublicData.

19. PublicData then made the personal information belonging to those individuals, unlawfully acquired from ODPS and/or OBMV, available for search and sale on its website, www.publicdata.com.

20. The individual Defendants, acting under the color of state law and as agents of ODPS and/or OBMV, knowingly authorized, directed, ratified, approved, acquiesced in, committed or participated in disseminating the personal information, maintained by ODPS and/or OBMV, but belonging to Plaintiffs and the Class members, to Shadowsoft and PublicData.

21. The Plaintiffs' and the Class members' personal information was disseminated by the individual Defendants without first obtaining the express consent of the individuals to whom the information belonged.

22. The Plaintiffs' and the Class members' personal information was disseminated by the individual Defendants, acting as agents of ODPS and/or OBMV, for a purpose not permitted under the DPPA.

4

23. At all times material, the individual Defendants and agents of ODPS and/or OBMV knew, or reasonably should have known, that their actions violated clearly established statutory rights of the Plaintiffs and the Class members.

24. As a result of Defendants' intentional and wrongful conduct, any applicable statutes of limitations have been tolled.

25. As a result of Defendants' intentional and wrongful conduct, Defendants have waived and should be estopped from any claims of immunity, including, but not limited to any claims of official immunity.

## CLASS ACTION ALLEGATIONS

26. This action is properly brought as a plaintiff class action pursuant to Fed. R. Civ. P. 23. Plaintiffs bring this action on their own behalf and all others similarly situated, as representatives of the following class:

    All individuals who had an Ohio drivers license anytime from April 8, 2004 forward, whose personal information, as defined by 18 U.S.C. § 2725(4), was disclosed by the Ohio Department of Public Safety, the Ohio Bureau of Motor Vehicles, or any agent, officer, employee, or contractor, thereof, to Shadowsoft or PublicData, or any agent of Shadowsoft or PublicData.

    Excluded from the Class are (1) any individual Defendant; (2) any member of the immediate family of any individual Defendant; (3) any officer agent or employee of the Defendants or family members thereof; (4) the Judge assigned to this case and/or (5) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families.

27. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are

readily identifiable from the information and records in the possession or control of the Defendants.

28. The Class members are so numerous that individual joinder of all members is impractical. This allegation is based upon the information and belief that co-defendants PublicData and Shadowsoft misappropriated the personal information of millions of licensed drivers from ODPS and/or OBMV.

29. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class, and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme participated in by all Defendants. The principal common issues include, but are not limited to, the following:

   a. The nature and extent of the individual Defendants' participation in ODPS and/or OBMV policy of disclosing the personal information of Ohio drivers;

   b. Whether the actions taken by agents of ODPS and/or OBMV and/or the individual Defendants in disclosing the personal information of Ohio drivers violated the DPPA;

   c. Whether the individual Defendants, in disclosing the personal information of the Class members, violated the DPPA;

   d. Whether the individual Defendants, in disclosing the personal information of the Class members, violated 42 U.S.C. § 1983.

   e. The nature and extent to which the personal information belonging to the Class members was unlawfully used or sold;

      f. The nature and extent of the Class members actual damages;

      g. The nature and extent of all statutory penalties or damages for which the Defendants are liable to the Class members; and

      h. Whether punitive damages are appropriate.

30. Plaintiffs' claims are typical of those of the Class and are based on the same legal and factual theories.

31. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have suffered injury in their own capacity from the practices complained of and are ready, willing and able to serve as class representatives. Moreover, Plaintiffs' counsel is experienced in handling class actions and actions involving unlawful commercial practices. Neither Plaintiffs nor their counsel have any interest that might cause them not to vigorously pursue this action or that is in conflict with the interests of the class.

32. Certification of a plaintiff class under Fed. R. Civ. P. 23 is appropriate in that Plaintiffs and the Class members seek monetary damages and injunctive relief, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of the Defendants.

33. Alternatively, certification of a plaintiff class is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

34. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding relief with respect to the class as a whole.

## COUNT I
### (Violation of the DPPA)

35. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

36. The DPPA, 18 U.S.C. §§ 2721, *et seq.*, prohibits any state department of motor vehicles officer, employee, or contractor from knowingly disclosing "personal information" except under specific conditions enumerated in the statute.

37. "Personal information" is defined in the DPPA, specifically 18 U.S.C. § 2725(3) as follows:

   [I]nformation that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

38. The individual Defendants, acting as officers, agents, employees or contractors of ODPS and/or OBMV, knowingly authorized, directed, ratified, approved,

acquiesced in, committed or participated in disclosing Plaintiffs' and the Class members' personal information to Shadowsoft and PublicData.

39. The individual Defendants were not acting pursuant to any exception as set forth under 18 U.S.C. § 2721(a)(2) and, therefore, violated the provisions of the DPPA.

40. The individual Defendants were aware or should have been aware that such a disclosure of Plaintiffs' and the Class members' personal information was an invasion of privacy in violation of the DPPA.

## COUNT II
### (Violation of 42 U.S.C. § 1983)

41. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

42. At all material times, the individual Defendants were executive officials, officers, agents, contractors, or were otherwise employed by of the Ohio Department of Public Safety or the Ohio Bureau of Motor Vehicles.

43. Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

44. The policies, procedures, practices and acts of the individual Defendants described above, have subjected Plaintiffs and the Class members to the

deprivation of their rights of privacy, as secured to them by the DPPA, and are therefore in violation of 42 U.S.C. § 1983.

45. This statutory right to privacy under the DPPA was clearly established at the time of the Defendants' violations.

46. As a proximate result of the individual Defendants' conduct as set forth above, Plaintiffs and the Class members have sustained damages.

47. Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action. Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs in this action.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiffs, on behalf of themselves and all members of the Class respectfully pray for judgment against the Defendants as follows:

a) For an order certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 and appointing Plaintiffs and their counsel, to represent the Class;

b) For a declaration that the Defendants' actions violated the Federal Driver's Privacy Protection Act;

c) For all actual damages, statutory damages, penalties, and remedies available for the Defendants' violations of the Federal Driver's Privacy Protection Act;

d) An order enjoining Defendants from violating the federal DPPA now and in the future;

e) An order directing the Defendants to retrieve and/or take steps to remove the personal information of the putative class from public access

f)  For an award to Plaintiff and the Class of their costs and expenses of this action;

g)  For an award to Plaintiff and the Class their reasonable attorneys' fees; and

h)  For such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,

/s/ Charles T. Lester, Jr.
**ERIC C. DETERS & ASSO, P.S.C.**
Charles T. Lester, Jr., OH# 0017601
5247 Madison Pike
Independence, KY 41051-7941
859-363-1900
859-363-1444 FAX
clester@ericdeters.com, cleljr@yahoo.com

**BURGESS & LAMB, P.C**
Mitchell L. Burgess, MO#47524
Keith C. Lamb, MO#56761
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**RALPH PHALEN ATTY. AT LAW**
Ralph K. Phalen, MO#36687
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 589-0753
(816) 471-1701 FAX

**SAXTON LAW FIRM, LLC**
Don P. Saxton, MO#56840
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**ATTORNEYS FOR PLAINTIFFS**